**Case No. 16-2167**

# In The
# United States Court of Appeals
# for the Third Circuit

ASCALON ENTERPRISES, LLC,

*Appellant,*

v.

REVSTONE INDUSTRIES, LLC,

*Appellee.*

*Appeal from the United States District Court
for the District of Delaware*

## BRIEF AND APPENDIX FOR APPELLANT
## VOLUME I OF IV (Pages A1-A6)

SHELDON S. TOLL, ESQ.
LAW OFFICE OF SHELDON S. TOLL PLLC
*Counsel for Appellant Ascalon Enterprises*
29580 Northwestern Highway, Suite 100
Southfield, Michigan 48034

## United States Court of Appeals for the Third Circuit

## Corporate Disclosure Statement and
## Statement of Financial Interest

No. 16-2167
_____

Ascalon Enterprises, LLC

v.

Revstone Industries, LLC

### Instructions

Pursuant to Rule 26.1, Federal Rules of Appellate Procedure any nongovernmental corporate party to a proceeding before this Court must file a statement identifying all of its parent corporations and listing any publicly held company that owns 10% or more of the party's stock.

Third Circuit LAR 26.1(b) requires that every party to an appeal must identify on the Corporate Disclosure Statement required by Rule 26.1, Federal Rules of Appellate Procedure, every publicly owned corporation not a party to the appeal, if any, that has a financial interest in the outcome of the litigation and the nature of that interest. This information need be provided only if a party has something to report under that section of the LAR.

In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate shall provide a list identifying: 1) the debtor if not named in the caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is an active participant in the bankruptcy proceedings. If the debtor or the bankruptcy estate is not a party to the proceedings before this Court, the appellant must file this list. LAR 26.1(c).

The purpose of collecting the information in the Corporate Disclosure and Financial Interest Statements is to provide the judges with information about any conflicts of interest which would prevent them from hearing the case.

The completed Corporate Disclosure Statement and Statement of Financial Interest Form must, if required, must be filed upon the filing of a motion, response, petition or answer in this Court, or upon the filing of the party's principal brief, whichever occurs first. A copy of the statement must also be included in the party's principal brief before the table of contents regardless of whether the statement has previously been filed. Rule 26.1(b) and (c), Federal Rules of Appellate Procedure.

If additional space is needed, please attach a new page.

(Page 1 of 2)

Pursuant to Rule 26.1 and Third Circuit LAR 26.1, Ascalon Enterprises, LLC

makes the following disclosure: _____
(Name of Party)

      1) For non-governmental corporate parties please list all parent corporations: None

      2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:
None

      3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:
None

      4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee or the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

/s/ S. S. Toll
_____
(Signature of Counsel or Party)

Dated: 5-9-16
_____

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.... 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................ 2

STATEMENT OF THE CASE.................................................................................. 3

I.      Preliminary Statement..................................................................................... 3

II.     Statement of Facts and History of Case.......................................................... 3

RELATED CASES AND PROCEEDINGS.............................................................. 6

STANDARD OF REVIEW ...................................................................................... 7

SUMMARY OF APPELLANT'S ARGUMENT...................................................... 7

ARGUMENT ........................................................................................................... 8

I.      THE DISTRICT COURT ERRED BY BASING ITS DECISION ON
        PURPORTED FINDINGS THE BANKRUPTCY JUDGE NEVER
        MADE............................................................................................................. 8

II.     THE BANKRUPTCY JUDGE ERRED BY CONFIRMING A PLAN
        OF REORGANIZATION WHERE REVSTONE DID NOT PROVE IT
        WAS REMAINING IN BUSINESS. ............................................................. 8

III.    CONFIRMATION OF THE PLAN AS ONE OF REORGANIZATION
        ELEVATES FORM OVER SUBSTANCE ................................................. 12

CONCLUSION ...................................................................................................... 14

## Volume I

Memorandum Order, filed March 30, 2016...............................................A1

Notice of Appeal, filed April 27, 2016....................................................A5

# TABLE OF AUTHORITIES

## CASES

*Boston Regional Medical Center, Inc. v Reynolds*,
    410 F.3d 100 (1st Cir. 2005) ..................................................................................... 9

*In re American Capital Equipment, LLC*,
    688 F.3d 145 (3d Cir. 2012) ................................................................................. 11

*In re BH S&B Holdings LLC*,
    420 B.R. 112 (Bankr. S.D.N.Y. 2009) ................................................................. 12

*In re Combustion Engineering, Inc.*,
    391 F.3d 190 (3d Cir. 2004) ................................................................................. 12

*In re Electric Scooter Wind Down Corp.*,
    No. 09-13347, 2010 Bankr. LEXIS 5326 (Bankr. D. Del. May 26, 2010) ......... 11

*In re Haskell Dawes, Inc.*,
    199 B.R. 867 (Bankr. E.D. Pa. 1996) ................................................................... 11

*In re Hechinger*,
    298 F.3d 219 (3d Cir. 2002) ................................................................................... 7

*In re Jack Greenberg, Inc.*,
    240 B.R. 486 (Bankr. E. D. Pa. 1999) ................................................................. 12

*In re Lacy*,
    297 B.R. 786 (Bankr. D. Colo. 2003),
    *rev'd on other grounds*, 304 B.R. 439 (D. Colo. 2004) ...................................... 10

*In re Optim Energy, LLC*,
    No. 14-10262-BLS (Bankr. D. Del. 2015) ........................................................... 11

*In re PPI Enterprises (U.S.), Inc.*,
    324 F.3d 197 (3d Cir. 2003) ................................................................................. 10

*In re Telegroup*,
    281 F.3d 133 (3d Cir. 2002) ................................................................................... 7

*Pepper v. Litton*,
    308 U.S. 295 (1939) ............................................................................................. 12

*Susquehanna Chemical Corp. v. Producers Bank & Trust Co.*,
    174 F.2d 783 (3d Cir. 1949) .............................................................................. 9, 10

*United States v. Energy Res. Co.*,
    495 U.S. 545 (1990) ............................................................................................. 12

## STATUTES

11 U.S.C. § 1129 ................................................................................................ 11

11 U.S.C. § 1141 .......................................................................................... 3, 8, 14

28 U.S.C. § 158 .................................................................................................. 1

28 U.S.C. § 1291 ................................................................................................ 1

28 U.S.C. § 1334 ................................................................................................ 1

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The United States District Court for the District of Delaware had jurisdiction over this matter under 28 U.S.C. §§ 158(a) and 1334. This is an appeal from a final order of the District Court over which this Court has jurisdiction under 28 U.S.C. § 1291. The District Court entered final judgment on March 30, 2016. (A1). A timely appeal was filed on April 27, 2016. (A5)

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I.      Did the district court err in holding that the bankruptcy judge made findings that (i) the plan was not a liquidation plan, and (ii) the plan did not bar Revstone from "engaging in business" after consummation of the plan?

II.     Did the debtors sustain their burden of proof that they were remaining in business, rather than liquidating, to justify confirmation of their plan as a plan of reorganization rather than a plan of liquidation?

III.    Did the bankruptcy judge impermissibly elevate form over substance in order confirmation of debtors' plan as a plan of reorganization rather than a plan of liquidation?

## STATEMENT OF THE CASE

### I.    Preliminary Statement

The bankruptcy judge confirmed the plan of Revstone Industries, LLC ("Revstone") as a plan of reorganization, rather than as a plan of liquidation, over the limited objection of Ascalon Enterprises, LLC ("Ascalon") that the plan should be confirmed as a plan of liquidation. The major difference is that a debtor continues as a business after a reorganization, whereas the business does not survive in a liquidation. The record below concedes and establishes that the plan approved is one of liquidation, as all assets will ultimately be sold for the benefit of creditors. Accordingly, Ascalon respectfully requests that this Court declare the plan to be a liquidating plan, and, therefore, strike the discharge provision in Article X of the plan.[1]

### II.    Statement of Facts and History of Case

Ascalon appeals from the bankruptcy judge's order confirming Revstone's plan as a plan of reorganization (the "Order"). (A526). Ascalon is a Delaware limited liability company that is the one hundred percent (100%) owner and sole member of debtors Revstone and its sister company, Spara, LLC ("Spara"). (A168) Since January 2013, Ascalon has been governed by its Manager, Homer W. McClarty, Esq., a

---

[1] Pursuant to 11 U.S.C. § 1141(d)(3), no discharge can be granted in a liquidating plan.

member of the Michigan Bar and a member of the panel of Bankruptcy Trustees in the United States Bankruptcy Court for the Eastern District of Michigan.

Revstone and Spara are holding companies for various other companies that manufacture components for the automotive, aerospace, and other industries. Due to aggressive litigation tactics of their major creditor, Boston Finance Group, Revstone and Spara filed voluntary petitions for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in the Bankruptcy Court for the District of Delaware on December 3, 2012.

On January 20, 2015, Revstone, Spara, and other affiliates (collectively, "Revstone") filed a joint plan of reorganization (A11), accompanied by a disclosure statement (A153). According to the plan's disclosure statement, "A chapter 11 debtor emerges from bankruptcy by successfully confirming a plan of reorganization. Alternatively, the assets of a debtor may be sold and the proceeds distributed to creditors through a plan of liquidation . . . [A]ll assets of each Debtor, including interests in any non-debtor subsidiaries, will be liquidated or retained for the benefit of creditors under the supervision of the Chief Restructuring Office [sic], as set forth in the Plan." (A160-161)

On February 20, 2015, Ascalon filed a limited objection to the joint plan of reorganization (A405), stating that it did not object to confirmation of the plan as a plan of liquidation, but objected to confirmation as a plan of reorganization. Ascalon

4

objected to Article X of the plan relating to discharge and requested that it be stricken.

On March 2, 2015, Revstone filed its response to Ascalon's limited objection (A408) and attached the declaration of John C. DiDonato (A454). The DiDonato declaration is the evidentiary basis for confirmation of the plan, as no testimony was taken at the confirmation hearing. *See* confirmation hearing transcript. (A464) Revstone's response made clear that following confirmation, consistent with the disclosure statement, debtors would "continue to carry out the sale processes of subsidiary assets and distribute the proceeds in the manner provided for in the Plan." (A408, ¶ 65)

The DiDonato declaration never states that reorganized Revstone would continue in business as an ongoing enterprise. Rather, it states that he will "execute a business plan designed to maximize the proceeds available for distribution and to distribute them equitably." (A454, ¶ 7) He further declares, "I am best able to manage the sale processes and maximize the proceeds from sales of subsidiaries' assets that are to generate funds for distribution to Creditors under the Plan." (A454, ¶ 11)

On March 23, 2015, the bankruptcy judge entered the Order. (A526) On April 1, 2015, Ascalon timely filed a notice of appeal of the Order to the district court. (A556) The district court affirmed the Order on March 30, 2016. (A1). A timely appeal to this Court was filed on April 27, 2016. (A5)

## RELATED CASES AND PROCEEDINGS

This case has not been before this Court previously, and Ascalon is not aware of any case or proceeding pending before this Court now, or in the near future, which is in any way related.

## STANDARD OF REVIEW

In the appeal, this Court effectively reviews, on a de novo basis, bankruptcy court opinions. *In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

## SUMMARY OF APPELLANT'S ARGUMENT

1.    The district court erred in holding that the bankruptcy judge made findings that (i) the plan was not a liquidation plan, and (ii) the plan did not bar Revstone from "engaging in business" after consummation of the plan. There is no support in the confirmation order that the bankruptcy judge made such findings, and the district court's opinion contains no citation whatsoever to the record.

2.    Because Revstone did not make any attempt to prove it was remaining in business rather than liquidating, the order confirming a plan of reorganization should be modified to (i) provide for a plan of liquidation, and (ii) strike Article X of the plan providing for a discharge.

3.    The Bankruptcy Court impermissibly elevated form over substance in ordering confirmation of Revstone's plan as one of reorganization rather than liquidation.

## ARGUMENT

### I.    THE DISTRICT COURT ERRED BY BASING ITS DECISION ON PURPORTED FINDINGS THE BANKRUPTCY JUDGE NEVER MADE

The district court erred in holding that the bankruptcy judge made findings that (i) the plan was not a liquidation plan, and (ii) the plan did not bar Revstone from "engaging in business" after consummation of the plan. (A3) There is no support in the confirmation order that the bankruptcy judge made such findings, and the district court's opinion contains no citation whatsoever to the record. *Id.*

The declaration of John C. DiDonato (A454) was the evidentiary basis for confirmation of the plan, because no testimony was taken at the confirmation hearing. *See* confirmation hearing transcript. (A464) The DiDonato declaration never states that reorganized Revstone would continue in business as an ongoing enterprise. There is nothing whatsoever in the record showing that Revstone would have an ongoing business following confirmation.  Therefore, it was error for the district court to base its opinion on alleged findings to the contrary.

### II.    THE BANKRUPTCY JUDGE ERRED BY CONFIRMING A PLAN OF REORGANIZATION WHERE REVSTONE DID NOT PROVE IT WAS REMAINING IN BUSINESS.

Section 1141(d)(3)(A) of the Bankruptcy Code provides that "the confirmation of a plan does not discharge a debtor if—the plan provides for the liquidation of all or substantially all of the property of the estate." 11 U.S.C. § 1141(d)(3)(A). The major difference between a reorganization and a liquidation is that the debtor continues as a

8

business after a reorganization, whereas the business does not survive in a liquidation. *See Boston Regional Medical Center, Inc. v Reynolds*, 410 F.3d 100, 106 (1st Cir. 2005) (in a liquidating plan "debtor's sole purpose is to wind up its affairs, convert its assets to cash, and pay creditors a pro rata dividend."). In a liquidating plan, the debtor has no interest in reentering the marketplace, as is the case in a reorganization plan. *Id.*

This plan is one of liquidation, not reorganization. It states that "assets of each Debtor" would be "liquidated". (A160-161) The response to Ascalon's objection to confirmation admits that the assets under the plan would remain with the Debtors only "until the assets may be monetized." (A446, ¶ 82) The DiDonato declaration in response to Ascalon's objection never states that Revstone would continue in business after reorganization as an ongoing enterprise, but states that he will "execute a business plan designed to maximize the proceeds available for distribution and to distribute them equitably." (A458, ¶ 7)

Debtors were winding up their affairs and converting their assets to cash; they had no interest in reentering the marketplace. There is nothing whatsoever in the record showing that Revstone would have an ongoing business following confirmation.

This Circuit has also set forth the difference between reorganization plans and liquidating plans. In *Susquehanna Chemical Corp. v. Producers Bank & Trust Co.*, 174 F.2d 783 (3d Cir. 1949), the Court stated:

> [T]he purpose of reorganization is not liquidation at all. If reorganization is successful the debtor corporation will continue to function, to pay its creditors, and carry on its business. The purpose of reorganization is to save a sick business, not to bury it and divide up its belongings.

*Id.* at 787. Here, the purpose of the Revstone plan is to "bury it and divide up its belongings." Revstone will not "continue to function … and carry on its business." Under the reasoning of *Susquehanna*, the Revstone plan was erroneously confirmed as one of reorganization.

More recently, this Circuit stated that, where the purpose of a plan is sale of all assets, as is the case here, such plan is a liquidating plan. *In re PPI Enters. (U.S.), Inc.*, 324 F.3d 197, 211 (3d Cir. 2003). In the same year, a bankruptcy judge in Colorado made similar distinctions between reorganization and liquidating plans:

> In business reorganization, the reorganized debtor is free to deal with its property as necessary in order to compete in the business world without the aid of bankruptcy court protection. … However, the situation is markedly different in the case of a plan of liquidation. … [H]ere, a liquidating plan (1) requires the debtor to liquidate remaining assets, (2) requires that the liquidation proceeds be held for the benefit of the creditors, (3) restricts the debtor's freedom to deal otherwise with the plan property, and (4) provides for continuing bankruptcy court supervision of the plan's implementation ….

*In re Lacy*, 297 B.R. 786, 802 (Bankr. D. Colo. 2003), *rev'd on other grounds*, 304 B.R. 439 (D. Colo. 2004).

Because a liquidating plan does not contemplate future business operations of the debtor, confirmation of such plan is not likely to be followed by another

10

liquidation or the need for further financial reorganization of the debtor. *In re Electric Scooter Wind Down Corp.*, 2010 Bankr. LEXIS 5326, at \*22–23 (Bankr. D. Del. May 26, 2010) (liquidating plan is feasible). This is the so-called feasibility requirement for confirmation of a plan under 11 U.S.C. § 1129(a)(11). Even a liquidating plan must be feasible. *In re Am. Capital Equip., LLC*, 688 F.3d 145, 156 (3d Cir. 2012).

The DiDonato declaration states that the feasibility requirement was satisfied because Revstone would have "sufficient funds … to satisfy all of the Debtors' projected obligations under the Plan." (A461, ¶ 15) The projected obligations under Revstone's plan are payments to creditors, not ongoing operations. DiDonato does not say anything about ongoing operations, which is consistent with the plan being one of liquidation. In plans of reorganization, as opposed to liquidating plans, the feasibility declarations always discuss ongoing operations. *See, e.g.*, *In re Optim Energy, LLC*, No. 14-10262-BLS (Bankr. D. Del. 2015) (D.I. 1104 ¶ 25: "The Financial Projections show a steady increase in total revenue through 2019…. The steady increase in total revenue illustrates that the Reorganizing Debtors will be able to service their obligations and *operating costs* upon confirmation and they are not likely to revert back to another Chapter 11 filing." (emphasis added)). Because Revstone would not have ongoing business operations, the conclusion is inescapable that the Revstone plan is a liquidating plan that was erroneously confirmed as a plan of reorganization.

11

Revstone, as plan proponent, had the burden of proof on all requirements for confirmation. *In re Haskell Dawes, Inc*., 199 B.R. 867, 872 (Bankr. E.D. Pa. 1996). As shown above, Revstone did not sustain its burden of proof that it was remaining in business, rather than liquidating its assets.

## III.    CONFIRMATION OF THE PLAN AS ONE OF REORGANIZATION ELEVATES FORM OVER SUBSTANCE

The bankruptcy judge apparently accepted Revstone's disingenuous argument that, after confirmation, it would be engaging in a form of ongoing business, because Mr. DiDonato would continue to manage Revstone "until the assets may be monetized". (A446, ¶ 82) If this criteria were sufficient for a reorganization plan, there would never be any liquidating plans, because all liquidations require management of assets while they are being monetized. Moreover, by adopting this argument, the bankruptcy judge impermissibly elevated form over substance.

Bankruptcy courts are courts of equity. *United States v. Energy Res. Co.*, 495 U.S. 545, 549 (1990); *In re Combustion Eng'g, Inc*., 391 F.3d 190, 235 (3d Cir. 2004). The U.S. Supreme Court has instructed bankruptcy courts not to elevate form over substance. *Pepper v. Litton*, 308 U.S. 295, 305 (1939); *see also In re Jack Greenberg, Inc.*, 240 B.R. 486, 502 (Bankr. E. D. Pa. 1999); *In re BH S&B Holdings LLC*, 420 B.R. 112, 135 (Bankr. S.D.N.Y. 2009) ("a bankruptcy court should not elevate form over substance"). It cannot seriously be questioned that, after confirmation, Revstone would have no ongoing business in any meaningful sense. The bankruptcy judge

impermissibly elevated form over substance, overlooked the lack of any evidentiary record supporting reorganization as opposed to liquidation, and ignored case law differentiating the two.

## CONCLUSION

The district court impermissibly adopted Revstone's view of the case, rather than reviewing the record below to determine that there was no basis for confirmation of the plan as a plan of reorganization. Revstone was liquidating, and not remaining in business. This Court should declare the plan to be a liquidating plan, and, therefore, strike the discharge provision in Article X of the plan.[2]

Respectfully submitted,

/s/ S. S. Toll
Sheldon S. Toll, Esq. (MI I.D. #P21490)
Law Offices of Sheldon S. Toll PLLC
29580 Northwestern Highway
Southfield, MI 48034
(248) 797-9111
Counsel for Appellant Ascalon

---

[2] Pursuant to 11 U.S.C. § 1141(d)(3), no discharge can be granted in a liquidating plan.

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Third Circuit LAR 28.3(d), I certify that I am a member of the

bar of this Court.

/s/ S. S. Toll
Sheldon S. Toll
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 2,591 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in proportionally spaced typeface using the 2008 version of Microsoft Word in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and the Norton 360 Virus Protection has been run on the file containing the electronic version of this brief and no viruses have been detected.

Dated: August 5, 2016

/s/ S. S. Toll

APPENDIX VOLUME I (Pages A1-A6)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>REVSTONE INDUSTRIES, LLC,<br>et al.,<br><br>       Reorganized Debtors. | ) <br> ) Bank. No. 12-13262 (BLS) <br> ) <br> ) <br> ) |
| | |
| ASCALON ENTERPRISES LLC,<br><br>       Appellant,<br><br>       v.<br><br>REVSTONE INDUSTRIES, LLC,<br><br>       Appellee. | ) <br> ) <br> ) <br> ) <br> ) Civ. No. 15-347-SLR <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of March, 2016, having reviewed the appeal taken by appellant Ascalon Enterprises LLC ("Ascalon") from the order confirming the debtors' joint chapter 11 plan of reorganization ("the Confirmation Order"), and the papers filed in connection therewith;

IT IS ORDERED that the Confirmation Order is affirmed and the appeal denied, for the reasons that follow:

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's

**[A1]**

Case 1:15-cv-00347-SLR    Document 18    Filed 03/30/16    Page 2 of 4 PageID #: 477

findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101–02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background.** Appellee Revstone Industries, LLC ("Revstone") is a holding company, with its primary assets being its equity interests in approximately 32 direct and indirect subsidiaries. Revstone, along with a sister holding company and various of their subsidiaries have filed voluntary chapter 11 petitions in bankruptcy court. On January 27, 2014, Revstone commenced adversary proceedings against Ascalon, the sole member of Revstone, seeking recovery (*inter alia*) of millions of dollars of alleged fraudulent transfers. On January 20, 2015, Revstone and the other debtors filed their joint plan of reorganization ("the Plan"), which was confirmed by the bankruptcy court at a hearing held on March 5, 2015. The Confirmation Order was entered on March 23, 2015. (D.I. 15, ex. 1) Each of the conditions precedent to consummation of the Plan

2

[A2]

were satisfied or waived, and the effective date of the Plan was June 24, 2015. (D.I. 15, ex. 5)

3. According to the disclosure statement filed in connection with the Plan, Ascalon filed a limited objection to the Plan: "Ascalon does not object to confirmation of the plan as a plan or liquidation, but objects to confirmation of the plan as a plan or reorganization." (D.I. 15, ex. 3 at 1)  The objection, and the current appeal, are based on Ascalon's argument that the business of implementing the Plan (see, e.g., D.I. 15, ex. 2 at 48) is more consistent with a plan of liquidation than with a plan of reorganization.  Pursuant to 11 U.S.C. § 1141(d)(3)(A), "the confirmation of a plan does not discharge a debtor if – the plan provides for the liquidation of all or substantially all of the property of the estate."  Moreover, according to Ascalon, the feasibility requirement of 11 U.S.C. § 1129(a)(11) was not satisfied because the "projected obligations under Revstone's plan are payments to creditors, not ongoing operations." (D.I. 13 at 5)

4. **Analysis.**  The court is not persuaded by Ascalon's arguments.  In the first instance, § 1141(d)(3) is written in the conjunctive; in other words, to preclude the discharge of a corporate debtor, a plan must provide for the liquidation of substantially all of its assets **and** the debtor must not engage in business after plan consummation. Each of these requirements presents a factual question.  It was not clear error for the bankruptcy court to find that the Plan was not a liquidation plan or to find that the Plan does not bar Revstone from "engaging in business" after the consummation of the Plan. With respect to the "ongoing business" of Revstone, it is a holding company with

3

[A3]

Case 1:15-cv-00347-SLR   Document 18   Filed 03/30/16   Page 4 of 4 PageID #: 479

principal assets comprised of its interests in operating non-debtor subsidiaries. Pursuant to the Plan, Revstone must engage in business after plan consummation by administering its assets in a manner that will optimize their value. Until the assets can be monetized within the parameters agreed to by the parties, Revstone will be engaged in managing its assets in much the same manner as it did pre-confirmation. Therefore, under the totality of the circumstances, the bankruptcy court did not err in confirming a plan of reorganization rather than a plan of liquidation. None of the cases cited by Ascalon are on point and, therefore, none persuade the court otherwise.

    5. **Conclusion.** For the reasons stated above, the appeal is denied[1] and the Confirmation Order is affirmed.

                                        United States District Judge

---

[1]Given the lack of timely objection or cross-appeal, the court does not address the issue of standing.

4

**[A4]**

Case 1:15-cv-00347-SLR   Document 19   Filed 04/27/16   Page 1 of 1 PageID #: 480

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| REVSTONE INDUSTRIES, LLC, | ) | Bank. No. 12-13262 (BLS) |
| et al., | ) | |
| Reorganized Debtors. | ) | |
| | ) | |

| | | |
|---|---|---|
| ASCALON ENTERPRISES LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15-347-SLR |
| REVSTONE INDUSTRIES, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

### NOTICE OF APPEAL

Notice is hereby given that Ascalon Enterprises LLC, appellant in the above named case,

hereby appeals to the United States Court of Appeals for the Third Circuit the order denying

appellant's appeal and affirming the Confirmation Order entered in this action on March 30,

2016.

OF COUNSEL:

Sheldon S. Toll
LAW OFFICE OF
SHELDON S. TOLL PLLC
29580 Northwestern Hwy., Ste. 100
Southfield, MI  48034
(248) 797-9111
sst@lawtoll.com

DATED:  April 27, 2016

*/s/ Evan O. Williford*
Evan O. Williford (No. 4162)
Andrew J. Huber (No. 6043)
THE WILLIFORD FIRM LLC
901 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 654-5924
evanwilliford@thewillifordfirm.com
ajhuber@thewillifordfirm.com
 *Attorneys for Appellant Ascalon Enterprises, LLC*

**[A5]**

Case 1:15-cv-00347-SLR   Document 19-1   Filed 04/27/16   Page 1 of 1 PageID #: 481

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2016, true and correct copies of the foregoing *Notice of Appeal* and this *Certificate of Service* are being served upon the following counsel of record via electronic filing and hand delivery:

> Laura Davis Jones, Esquire
> Colin R. Robinson, Esquire
> PACHULSKI STANG ZIEHL & JONES LLP
> 919 N. Market Street, 17th Floor
> Wilmington, DE 19801

*/s/ Andrew J. Huber*
Andrew J. Huber (No. 6043)

**[A6]**